```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


BRENDA JONES                              CIVIL ACTION


VERSUS                                    NO: 13-85


NICHELLE TURNER, GIROD                    SECTION: R
GOULER, HERMAN THOMAS,
DERRICK BREUN, VEOLIA
TRANSPORTATION SERVICES,
INC., CITY OF NEW ORLEANS,
REGIONAL TRANSIT AUTHORITY,
AND THEIR RESPECTIVE UNKNOWN
INSURERS
```

## ORDER AND REASONS

Before the Court are two motions for summary judgment. One was filed by defendants Gerard Guter (incorrectly identified as "Girod Gouler" in plaintiff's petition for damages), Herman Thomas, Derrick Breun, and Veolia Transportation Services, Inc. (collectively, the "Veolia Defendants"),[1] and the other by defendant Nichelle Turner.[2] Plaintiff has not filed a substantive response to either motion. For the following reasons, the Court GRANTS the motions, and orders plaintiff's claims against the Veolia Defendants and Nichelle Turner dismissed.

---

[1]   R. Doc. 27.

[2]   R. Doc. 32.

**I.   BACKGROUND**

Plaintiff Brenda Jones was employed as a bus driver by defendant Veolia Transportation Services, Inc. ("VTS").[3] Plaintiff's employment with VTS was governed by a Collective Bargaining Agreement between VTS and plaintiff's union, the Amalgamated Transit Union, Division 1560 (ATU 1560).[4] On August 10, 2012, plaintiff became involved in an argument with another VTS employee, defendant Nichelle Turner.[5] Plaintiff alleges that Turner "interrupted her telephone conversation and stated that Plaintiff was ignorant and that she would write her up . . . ."[6] She also alleges that the two women exchanged curses.[7] VTS thereafter terminated plaintiff's employment on the grounds that she had threatened a fellow employee.[8]

Plaintiff filed a grievance with ATU 1560 following this incident.[9] Her grievance was assessed under the "usual grievance

---

[3]   R. Doc. 27-1 at 1.

[4]   *Id.*

[5]   *Id.* at 2.

[6]   R. Doc. 1-1 at 2 (emphasis deleted).

[7]   R. Doc. 27-5 at 9.

[8]   R. Doc. 27-1 at 2.

[9]   *Id.*

procedures provided for" by the CBA between VTS and ATU 1560, but it was not resolved.[10] ATU 1560 then investigated the incident, but the union members chose not to pursue arbitration with VTS because they did not believe that plaintiff would win an arbitration.[11]

On January 8, 2013, plaintiff sued the Veolia Defendants, Nichelle Turner, Regional Transit Authority, and the City of New Orleans in Louisiana state court.[12] In her petition for damages, plaintiff alleged claims of defamation, intentional infliction of emotional distress, and gross negligence against each defendant.[13] She also alleged that defendants subjected her to a hostile work environment and conspired to wrongfully discharge her from employment at VTS.[14] Finally, plaintiff alleged that defendant Guter sexually harassed her.[15] Plaintiff has testified that all of her claims arise from the August 10, 2010 argument,[16] except possibly the sexual harassment claim. Plaintiff indicated

---

[10]   R. Doc. 27-7 at 2.

[11]   *Id.* at 4.

[12]   R. Doc. 1-1.

[13]   *Id.* at 3-4.

[14]   *Id.* at 3.

[15]   *Id.*

[16]   R. Doc. 27-5 at 7.

in her deposition that her sexual harassment claim was based on defendant Guter's 2002 statement to plaintiff that he knew her "big fine sister."[17]

On January 16, 2013, defendants timely removed the suit to this Court, contending that the Court has federal question jurisdiction because plaintiff's claims related to her unlawful discharge are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[18] On April 18, 2013, plaintiff filed a motion requesting that the Court permit her counsel of record to withdraw,[19] which the Court granted.[20] Since her previous counsel withdrew, plaintiff has proceeded pro se in this matter.[21]

The Veolia Defendants filed a motion for summary judgment on August 20, 2013,[22] and defendant Turner did likewise on September 20, 2013.[23] The motions were set for submission on September 11

---

[17]   *Compare* R. Doc. 27-5 at 7 *with* R. Doc. 1-1 at 3.

[18]   R. Doc. 1.

[19]   R. Doc. 19.

[20]   R. Doc. 20.

[21]   *See* R. Doc. 23. On July 11, 2013, plaintiff filed a motion requesting appointed counsel. R. Doc. 24. Magistrate Judge Chasez denied the motion. R. Doc. 26.

[22]   R. Doc. 27.

[23]   R. Doc. 32.

and October 9, respectively. Plaintiff did not timely respond to either motion. On October 17, 2013, the Court issued an order directing plaintiff to file a memorandum in opposition by October 31, 2013, if she opposed the motions for summary judgment.[24] On October 24, 2013, plaintiff filed a one-page "opposition" stating that she has spoken with an attorney about representing her and that "he need[s] more time to look over the case."[25] Plaintiff failed to file a substantive response to either pending motion for summary judgment, and no counsel has enrolled on her behalf.

Plaintiff has already been granted substantial extensions of time to respond to the pending motions. As no lawyer has enrolled in her stead since her October 24, 2013 filing, the Court finds that further delay in deciding the motions is not warranted. Accordingly, the Court deems the instant motions ripe for decision. *Cf. Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (district court has broad discretion to enforce its scheduling order and the Local Rules).

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the

---

[24]   R. Doc. 33.

[25]   R. Doc. 34 at 1.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the movant must present evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving

6

party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the movant may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 324; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Before delving into the merits of this dispute, the Court must ensure that it has subject-matter jurisdiction over the lawsuit. "[S]ubject-matter jurisdiction cannot be created by

waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Thus, "federal court must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Id.*

Plaintiff alleges that defendants conspired to wrongfully discharge her from her employment with VTS. Resolution of this claim necessary depends on the meaning of the CBA between VTS and plaintiff's union, since the CBA's policies and procedures apply to "any dispute between the Company and an employee . . . as to whether an employee has been disciplined, suspended, or discharged for just cause."[26] That is, in order to determine whether plaintiff was wrongfully discharged, the Court would have to interpret the CBA because that document sets forth the method of assessing whether a discharge was proper. Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), which provides that suits for violation of labor contracts "may be brought in any district court of the United States having jurisdiction of the parties," "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable,

---

[26] R. Doc. 27-8 at 8.

8

consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403-04 (1988). Thus, plaintiff's claim for wrongful discharge is governed by federal labor-law principles. *Id.* at 405-06. Accordingly, this Court has federal question jurisdiction over that claim. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Moreover, it is undisputed that all of plaintiff's claims arise out of her clashes with management and co-workers during her employment with VTS.[27] Thus, this Court may exercise supplemental jurisdiction over the state law claims in this case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) ("[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) (alteration in original)); *cf. Smith v. Amedisys Inc.*, 298 F.3d 434, 439-440 (5th Cir. 2002) (plaintiff's claims that former supervisors sexually harassed her, discriminated against her, and retaliated against her during her employment were so intertwined

---

[27] *See* R. Doc. 27-1 at 2; R. Doc. 27-5 at 7.

that they were not "separate and independent claim[s] or cause[s] of action" (alterations in original)).

## B. The Merits of Plaintiff's Claims

Plaintiff has alleged claims of conspiracy to wrongfully discharge her, defamation, intentional infliction of emotional distress (IIED), gross negligence, hostile work environment, and sexual harassment. But plaintiff has not responded to the defendants' motions for summary judgment and has not otherwise come forth with any evidence to support any of her allegations. As explained below, plaintiff's failure to do so is fatal to each of her claims.

   *1.   Plaintiff's Claims Against the Veolia Defendants*

Plaintiff's claims for wrongful discharge are preempted by the LMRA because they implicate the CBA between VTS and ATU 1560. *See supra* Section III.A. Plaintiff's defamation and intentional infliction of emotional distress claims are likewise preempted. *See Stafford v. True Temper Sports*, 123 F.3d 291, 296 (5th Cir. 1997) (noting that state law claims for IIED and for defamation are preempted if the claims relate to a dispute over whether the plaintiff's dismissal was appropriate or whether the employer's actions in investigating and sanctioning alleged misconduct were reasonable). Insofar as plaintiff purports to bring a federal

claim under the LMRA -- that is, to argue that her discharge was a breach of the CBA between VTS and ATU 1560 -- plaintiff would be required to show that her union breached its duty of fair representation in order to prevail. *Williams v. AT&T, Inc.*, 356 F. App'x 761, 768 (5th Cir. 2009). In order to show breach of the duty of fair representation, plaintiff would have to demonstrate that the union's "actions were 'arbitrary, discriminatory, or in bad faith.'" *Id.* (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). Plaintiff has presented no evidence that this is the case, and thus summary judgment on her wrongful discharge claims is appropriate. *See Little*, 37 F.3d at 1075 (noting that courts may not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to succeed on a given claim).

Even if plaintiff's allegations of defamation and IIED were not preempted, the Court would still find dismissal of those claims warranted. To succeed on her claim for defamation under Louisiana law, plaintiff would be required to show "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 674 (La. 2006). And in order to recover for IIED in Louisiana, a plaintiff must

11

establish "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). Plaintiff has failed to present evidence establishing that any of these elements is present.

Plaintiff's claim for gross negligence also fails. Louisiana law defines gross negligence as the "want of even slight care and diligence" or the "entire absence of care." *Brown v. ANA Ins. Grp.*, 994 So.2d 1265, 1269 n.7 (La. 2008). Plaintiff has made no showing that any of the Veolia Defendants acted negligently during the events giving rise to this litigation, much less that they acted with an "entire absence of care."

Plaintiff's claims for hostile work environment and sexual harassment fare no better. In order to succeed on such claims under either state or federal law, plaintiff must show (1) that she belonged to a protected group; (2) that she was subjected to unwelcome harassment that was (3) motivated by discriminatory animus; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take proper remedial

action. *See Burnett v. E. Baton Rouge Parish Sch. Bd.*, 99 So.3d 54, 62 (La. Ct. App. 2012); *Cain v. Blackwell*, 246 F.3d 758, 760 (5th Cir. 2001). Plaintiff has presented no evidence tending to establish any of these elements.

It is true that plaintiff testified that Guter called plaintiff into his office and told her that he knew plaintiff and her "big, fine sister."[28] But, even if this comment could be construed as harassment, it was made in 2002,[29] and thus the prescriptive period for any sexual harassment claim has long since lapsed. *See Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1990) (noting that a federal sexual harassment claim must be filed within 180 days of the alleged illegal conduct (citing 42 U.S.C. § 2000e-5(e)(1)); *King v. Phelps Dunbar, LLP*, 743 So.2d 181, 187 (La. 1999) (claims under Louisiana's antidiscrimination statute must be brought within one year of the alleged wrong). Plaintiff has presented no evidence to contradict defendants' argument that her sexual harassment claim is time-barred, and there is no indication in the record that any offending conduct occurred within the prescriptive period. Summary judgment on this claim is thus appropriate as well.

---

[28] *See* R. Doc. 27-5 at 7, 21.

[29] *Id.*

*2. Plaintiff's Claims Against Turner*

Plaintiff alleges claims of defamation, intentional infliction of emotional distress, and gross negligence against defendant Turner.[30] Plaintiff has presented no evidence tending to establish the elements of these claims against Turner. *Cf. supra* Section III.B.1. Indeed, the affidavits accompanying Turner's motion for summary judgment attest to the following: (1) plaintiff threatened to harm Turner; (2) Turner did not curse at or threaten plaintiff; and (3) Turner filled out an incident report documenting the exchange because she felt "threatened and intimidated" by plaintiff.[31] These affidavits negate essential elements of plaintiff's claims. *See Kennedy*, 935 So.2d at 674 (plaintiff asserting defamation claim must show that defendant negligently published a false statement to a third party); *White*, 585 So.2d at 1209 (plaintiff asserting IIED claim must show that defendant's conduct was "extreme and outrageous"); *Brown*, 994 So.2d at 1269 n.7 (plaintiff asserting gross negligence claim must show that defendant acted with an "entire absence of care").

Plaintiff has presented no evidence tending to contradict

---

[30]   *See* R. Doc. 1-1 at 3-4.

[31]   *See* R. Docs. 32-2, 32-3.

Turner's account of the events giving rise to this suit. Thus, Turner is entitled to summary judgment. *See Little*, 37 F.3d at 1075 (if defendant moving for summary judgment shows that plaintiff cannot prove the elements of her claim, plaintiff must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment).

### IV. CONCLUSION

For the foregoing reasons, both motions for summary judgment under consideration are GRANTED.

New Orleans, Louisiana, this 12th day of November, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE