UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BRENDA JONES                                    CIVIL ACTION

VERSUS                                          NO: 13-85

NICHELLE TURNER, GIROD                          SECTION: R
GOULER, HERMAN THOMAS,
DERRICK BREUN, VEOLIA
TRANSPORTATION SERVICES,
INC., CITY OF NEW ORLEANS,
REGIONAL TRANSIT AUTHORITY,
AND THEIR RESPECTIVE UNKNOWN
INSURERS

## ORDER AND REASONS

On November 12, 2013, the Court issued an Order and Reasons in this matter granting summary judgment for defendants Nichelle Turner, Gerard Guter, Herman Thomas, Derrick Breun, and Veolia Transportation Services, Inc.[1] In that Order, the Court ruled that plaintiff's claims against those defendants could not survive summary judgment because there was no evidence in the record tending to establish that the elements of those claims were met.[2] The City of New Orleans now moves for summary judgment as well.[3] Plaintiff has not filed a response. For the following reasons, the Court GRANTS the City's motion.

---

[1]   R. Doc. 35.

[2]   *Id.* at 10-15.

[3]   R. Doc. 38.

Plaintiff alleges in her petition that the City is liable for the wrongs purportedly committed by the individual defendants because the City "has supervisory authority, direct or indirect, over RTA [the Regional Transit Authority] and, therefore, could have stopped the actions and damages inflicted on Plaintiff yet chose to do nothing."[4] As the City correctly points out in its motion for summary judgment, the City cannot be held vicariously liable in this lawsuit for two reasons.

First, there is no evidence that the City has a relationship with any of the individual defendants or with RTA that would give rise to vicarious liability. The individual defendants are all employees of RTA, and RTA is a "body politic and corporate and a political division of the state of Louisiana," La. Rev. Stat. § 48:1654(A), not an arm of the City. Accordingly, the City is not liable for any wrongs committed by the individual defendants. *See* Restatement (Second) of Torts § 315 ("There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which

---

[4] R. Doc. 1-1 at 3.

2

gives to the other a right to protection.").

Second, even if the City were vicariously liable for the individual defendants' conduct, no liability would attach here, because the Court has already dismissed plaintiff's claims against each of the individual defendants.[5] *See Gordon v. Degelmann*, 29 F.3d 295, 298 (7th Cir. 1994) ("You can't have vicarious liability without primary liability.").

Accordingly, plaintiff's claims against the City cannot succeed, and summary judgment in favor of the City is appropriate.

New Orleans, Louisiana, this 30th day of December, 2013.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] *See* R. Doc. 35.